■ In the Matter of the Claim of TIMOTHY MALONEY, Respondent, against SPERRY GYROSCOPE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from a decision of the Workmen's Compensation Board which held that the failure to file a written claim for compensation within two years under section 28 of the Workmen's Compensation Law had been waived by an advance payment of compensation. On February 12, 1954, while claimant was working on a roof in freezing weather without gloves, claimant's hands became extremely cold. He soaked them in water and noticed a burning sensation, but returned to work. In January, 1956 the condition became worse and his hands became swollen and blanched. He consulted private physicians and on February 1, 1956 he reported to and was examined by the employer's medical director. He saw the employer's medical director three times at his office within the employer's plant, was given advice as to limitation of his work in cold weather and was referred to a specialist. No formal written claim for compensation was filed until March 22, 1956. The employer promptly filed with the Workmen's Compensation Board a report of injury which stated that it had provided medical care on February 1, 1956, and gave as the date of the first treatment February 1, 1956. The employer's doctor immediately filed a medical report with the board. There is evidence that a written notice was sent to the carrier. That claimant was contending that his condition in February of 1956 was attributable to the incident of February 12, 1954 is evidenced by the employer's report of injury which gives the date of accident as "Feb. 1954" and the report of the employer's doctor which gives the same date of accident and a detailed history given by the claimant. Thus the employer, with full knowledge of the claim, provided medical

attention, advice and reference to a specialist. Under such circumstances it was well within the province of the board to find an advance payment of compensation. (*Matter of Hamilton* v. *Village of Lynbrook*, 284 N. Y. 613; *Matter of Schwartz* v. *Kaplan Card & Paper Co.*, 276 App. Div. 789; *Matter of Brooks* v. *Sement Solvay Div., Allied Chem. & Dye Corp.*, 9 A D 2d 592.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.